IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DERON BRUNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD ALLEN LENZI and BRING A TRAILER MEDIA, LLC,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO COMPEL ARBITRATION AND ISSUING STAY AS TO ALL PARTIES**<br><br>Case No. 2:24-cv-00767<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

On October 11, 2024, *pro se* Plaintiff Deron Brunson ("Brunson") filed this action against Defendants Edward Allen Lenzi ("Lenzi") and Bring A Trailer Media, LLC ("BATM")[1] (collectively "Defendants") asserting claims for negligent misrepresentation, breach of contract and wrongful use of a civil proceeding.[2] Brunson asserts jurisdiction pursuant to 28 U.S.C.

---

[1] BATM asserts Brunson failed to properly effect service on its registered agent in California. *See* ECF No. 24 at ¶ 20, Declaration of David Michael Duke Jr. Nonetheless, in the interest of efficiency, BATM waives proper service and serves a copy of its Motion to Compel Arbitration on Plaintiff pursuant to the Federal Arbitration Act's notice procedures at 9 U.S.C. § 4.

[2] ECF No. 1, Verified Complaint. The parties in this case consent to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. *See* ECF No. 19, Notice of Consent; 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1

§1331 and §1332.³ Currently pending before the court are Lenzi's Motions to Dismiss⁴ and BATM's Motion to Compel Arbitration ("Motion").⁵ In support of its Motion, BATM provides the Declaration of David Michael Duke, BATM's Director of Customer Experience.⁶

## BACKGROUND

In July 2023, Brunson purchased a 1979 Pontiac Trans Am from Lenzi, through BATM's website (www.bringatrailer.com).⁷ BATM's website provides a digital online auction platform for sellers and purchasers of classic and collector vehicles.⁸ In order to place a bid or list a vehicle on BATM's digital auction platform, an individual must register for an account and agree to BATM's Terms of Use ("Terms").⁹ BATM's Terms include dispute resolution procedures as well as an arbitration clause.¹⁰

---

³ ECF No. 1 at ¶ 5. Although Brunson asserts jurisdiction under both §1331 and §1332, he does not provide any allegations to support federal question jurisdiction under §1331. Accordingly, based on Plaintiff's confirmation of diversity between the parties (ECF No. 33, Plaintiff's Response to Order to Show Cause), and Plaintiff's allegations supporting an amount in controversy over $75,000, the court proceeds under diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

⁴ ECF No. 7, Defendant Lenzi's Motion to Dismiss; ECF No. 21, Defendant Lenzi's Motion to Dismiss. Plaintiff filed his initial Motion to Dismiss on October 24, 2024 and his second Motion to Dismiss on November 25, 2024. The motions are identical, but for the amount of legal fees sought. Given the motions' similarities, and the fact that the second motion seeks an increased amount of fees ($1,470.00), the court moots the initial Motion to Dismiss (ECF No. 7) and considers the second motion as active and pending (ECF No. 21).

⁵ ECF No. 23, BATM's Motion to Compel Arbitration.

⁶ ECF No. 24 at ¶¶ 1-2, Declaration of David Michael Duke Jr.

⁷ *See generally* ECF No. 1, Complaint.

⁸ *Id.* at ¶ 8; ECF No. 24 at ¶ 3.

⁹ ECF No. 24 at ¶¶ 4-5.

¹⁰ *Id.*

After purchase, the Trans Am was delivered to Brunson's home on August 6, 2023.[11] Upon receipt, Brunson discovered the Trans Am was damaged and asserts Lenzi made material misrepresentations about the vehicle's condition.[12] On October 11, 2024, Plaintiff brought this action against Defendants.[13] As set forth in the pleading, Brunson brings claims against Lenzi for negligent misrepresentation, breach of contract and wrongful use of civil proceedings and against BATM for negligent misrepresentation.[14]

On October 24, 2024, and again on November 25, 2024, Lenzi filed Motions to Dismiss Brunson's complaint.[15] On November 25, 2024, BATM filed a Motion to Compel Arbitration and request for a stay.[16] Brunson responded to BATM's Motion on November 29, 2024.[17] Plaintiff's response focuses entirely on the issue of jurisdiction and does not address or challenge any of the claims raised in BATM's Motion for arbitration.[18]

## LEGAL STANDARDS

Issues of arbitrability are governed by the Federal Arbitration Act ("Act").[19] Under the Act, arbitration is considered a "matter of contract" and courts must "place[] arbitration

---

[11] *Id.* at ¶¶ 27-29.

[12] *Id.* at ¶ 37.

[13] *See generally,* ECF No. 1.

[14] *Id*.

[15] ECF No. 9, Defendant Lenzi's First Motion to Dismiss; ECF No. 21, Defendant Lenzi's Second Motion to Dismiss; *see supra* ftn. 4.

[16] ECF No. 23.

[17] ECF No. 25, Opposition to Bring A Trailer LLC's Motion to Compel and Stay.

[18] Based on Brunson's Response (ECF No. 33) to the Court's February 11, 2025 Order to Show Cause (ECF No. 31), the court has confirmed diversity jurisdiction. *See* 28 U.S.C. §1332; *see also supra* ftn. 3.

[19] *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 461 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) (citing 9 U.S.C. § 2) (internal quotation omitted) (the FAA "applies to all arbitration

agreements on an equal footing with other contracts, and enforce them according to their terms."[20] In circumstances "where a written agreement provides for the arbitration of the dispute and is the subject of the litigation," the Act requires a court to stay judicial proceedings pending arbitration.[21]

Federal courts favor arbitration agreements, and "determining whether to compel claims to arbitration is a two-step inquiry."[22] As an initial matter, the court "must determine whether a valid agreement to arbitrate exists."[23] Second, the court must determine whether the dispute "falls within the scope of that agreement."[24] "If the arbitration clause is clear, [the] inquiry is over, but if the arbitration clause is ambiguous about whether it covers the dispute, [courts] apply a rebuttable presumption of arbitrability."[25]

Because Brunson proceeds *pro se*, his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[26] Nonetheless, Plaintiff is still

---

agreements involving commerce and creates a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act").

[20] *Rent-A-Center, W., Inc. v. Jackson,* 561 U.S. 63, 67, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010) (citing 9 U.S.C. § 1-16).

[21] *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. March 30, 1995); 9 U.S.C. § 3.

[22] *Reeves v. Enter. Prods. Partners, LP*, 17 F.4th 1008, 1011 (10th Cir. 2021) (internal quotation marks omitted). *Carter v. C.R. Eng., Inc.*, No. 2:21-cv-00102, 2021 U.S. Dist. LEXIS 87454, at *4 (D. Utah May 5, 2021) (unpublished) (citing *Society of Prof'l Eng'g Emps. in Aerospace, Local 2001 v. Spirit Aerosystems, Inc.*, 681 F. App'x 717, 721 (10th Cir. 2017) (unpublished)).

[23] *Id.*

[24] *Id.* (citing *Spirit Aerosystems, Inc.*, 681 F. App'x at 721).

[25] *Spirit Aerosystems, Inc.*, 681 F. App'x at 721.

[26] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

required to "follow the same rules of procedure that govern other litigants"[27] and the court will not "construct a legal theory on a plaintiff's behalf."[28]

## DISCUSSION

The Federal Arbitration Act governs BATM's Terms which "evidenc[e] a transaction involving commerce.[29] BATM's Terms govern its digital services which allow sellers and purchasers to engage in auctions with participants around the country.[30]

BATM moves to compel arbitration pursuant to its dispute resolution arbitration clause provision that is entered into in connection with each user's account. In order to place a bid or list a vehicle on BATM's website, a user is required to register for an account.[31] To register, the user must click a checkbox confirming agreement to BATM's Terms, dispute resolution procedures and arbitration clause.[32] In relevant part, the "Highlights Section" of BATM's Terms states:

> BY ACCESSING OR USING THE DIGITAL SERVICES, YOU ACCEPT AND AGREE TO BE LEGALLY BOUND BY AND COMPLY WITH THIS AGREEMENT. IF YOU DO NOT AGREE TO THE TERMS OF THIS AGREEMENT, DO NOT ACCESS OR USE THE DIGITAL SERVICES. SPECIFICALLY, PLEASE TAKE NOTICE THAT WITH LIMITED EXCEPTIONS, ALL DISPUTES BETWEEN YOU

---

[27] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[28] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[29] 9 U.S.C. § 1 *et seq*.

[30] *United States v. Sutcliffe,* 505 F.3d 944, 953 (9th Cir. 2007) ("[T]he Internet is an instrumentality and channel of interstate commerce."); ECF No. 24 at ¶ 3.

[31] ECF No. 24 at ¶ 5.

[32] *See* https:/bringatrailermedic.com/terms-of-use; *see also* ECF No. 1-2, Plaintiff's Exhibit A. ECF No. 24 at ¶¶ 5-6. Brunson attaches a copy of BATM's Terms to his complaint, implicitly acknowledging the Term's application to his claims. *See* ECF No. 1-2, Plaintiff's Exhibit A; *see also* ECF No. 1 at ¶¶ 10, 83-84 (citing to Terms as support for breach of contract claim alleging Lenzi agreed to and breached the BATM Terms: "The terms of the contract was [sic] developed by BAT[M] wherein Lenzi was obligated to represent the truth on the condition of the Trans Am.").

AND US REGARDING THIS AGREEMENT ARE SUBJECT TO BINDING ARBITRATION ON AN INDIVIDUAL BASIS RATHER THAN JURY TRIALS, INCLUDING CLASS ACTION LAWSUITS,     IN COURTS AND ONLY SPECIFIC REMEDIES ARE AVAILABLE TO YOU. Read more in section 24. Dispute Resolution (Arbitration Clause and Class Action Waiver).[33]

Since June 25, 2020, the words "section 24. Dispute Resolution (Arbitration Clause and Class Action Waiver)" in BATM's Terms have appeared in red and are hyperlinked such that a user jumps directly to the arbitration clause agreement when the link is clicked.[34] BATM's hyperlinked arbitration clause, is bolded and states:

> **. . . [A]ny and all disputes between you and BATM media arising under or related in any way to this Agreement, must be resolved through binding arbitration as described in this section. This agreement to arbitrate is intended to be interpreted broadly. It includes, but is not limited to, all claims and disputes relating to your use of any of the Digital Services.**[35]

BATM maintains an internal database showing all registered users' interactions with the BATM website.[36] According to BATM's undisputed records, on May 29, 2018, at 11:27 a.m., Brunson registered his user account and clicked the checkbox, accepting BATM's then-applicable Terms.[37] BATM's Terms, including the arbitration clause agreement, were updated on June 25, 2020.[38] BATM's records indicate that Brunson, in connection with submitting a vehicle

---

[33] *Id.* at ¶ 10; *see also* ECF No. 23 at 7.

[34] *See* ECF No. 24 at ¶ 13.

[35] ECF No. 1-2, Plaintiff's Exhibit A. The Arbitration Clause calls for arbitration under the rules of the American Arbitration Association and the Agreement is governed by New York law. *Id.*

[36] ECF No. 24 at ¶ 14.

[37] *Id.* at ¶ 16.

[38] *Id.* at ¶ 9.

for auction, again clicked the checkbox on April 2, 2022, thereby accepting BATM's most recent Terms and arbitration clause agreement.[39]

Upon review and for the reasons now stated below, because BATM's arbitration agreement is unambiguous and this dispute falls within the scope of the agreement, BATM's Motion to Compel Arbitration is granted.[40]

### 1. Brunson Made A Valid Agreement To Arbitrate Claims With BATM

Whether a valid arbitration agreement was formed is governed by "basic contract law principles" of state law.[41] To determine which state's law applies, "[i]t is well established that a federal court sitting in diversity applies the choice of law rules of the forum state."[42] As the forum state, Utah's choice of law analysis proceeds in two steps. First, the court "determines whether a conflict of law exists," which occurs when "the outcome would differ depending on which state's law is applied."[43] Second, if there is a conflict, Utah follows the "most significant relationship approach" to determine the applicable law.[44]

Brunson alleges his claims "took place in" Utah, while BATM's Terms are governed by the laws of New York.[45] In this case, there is no conflict among potentially applicable laws

---

[39] *Id.* at ¶ 18 (BATM's records show Brunson "affirmatively clicked the checkbox accepting the most recent BATM Terms" on April 2, 2022).

[40] ECF No. 23.

[41] *Hancock v. AM. Tel. & Tel. Co.,* 701 F.3d 1248, 1255 (10th Cir. 2012), *abrogated on other grounds by Atlantic Marine Constr. Co. v. U.S. Dist. Court,* 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013).

[42] *Johnson v. Blendtec, Inc.,* 500 F. Supp. 3d 1271, 1279 (D. Utah 2020).

[43] *Id.* (quotation omitted).

[44] *Id.*

[45] ECF No. 1 at ¶ 3; ECF No. 1-2, Exhibit A at 20.

7

because the laws in both Utah and New York enforce clickwrap agreements.[46] Further, the result would not differ even if the analysis was conducted under the law of California, where BATM is headquartered, or the law of New Hampshire where Lenzi resides.[47]

Brunson, as both a bidder and listing seller, entered into a valid agreement to arbitrate when he clicked the checkbox accepting the hyperlinked and updated BATM Terms on April 2, 2022.[48] This type of agreement, which requires a user to consent to terms or conditions in order to proceed, is known as a "clickwrap agreement." Clickwrap agreements are "typically considered enforceable and are 'routinely upheld.'"[49] Brunson was not permitted to proceed as an auction user without accepting BATM's Terms and BATM maintained records that clearly document Brunson's acceptance of the arbitration agreement in connection with his use of

---

[46] *See Penhall v. Young Living Essential Oils,* 2022 U.S. Dist. LEXIS 19670 at *9-10 (D. Utah Oct. 27, 2022) (enforcing clickwrap arbitration agreement under Utah law where user affirmatively checked box accepting terms accessible by hyperlink); *Pagano v. NordicTrack, Inc.,* 2024 U.S. Dist. LEXIS 170304 at *7 (D. Utah Sept. 19, 2024) (same); *see also Meyer v. Uber Techs., Inc.,* 868 F.3d 66, 75 (2d Cir. 2017) ("Courts routinely uphold clickwrap agreements. . . ."); *Serrano v. Cablevision Sys. Corp.,* 863 F. Supp. 2d 157, 175 (E.D.N.Y. 2012) (enforcing clickwrap agreement under New York law).

[47] ECF No. 1 at ¶¶ 1-2; *see Berkson v. Gogo LLC,* 97 F. Supp. 3d 359, 388 (E.D.N.Y. 2015) (finding law of California and New York "substantively similar with respect to the issue of contract formation" and upholding enforcement of clickwraps); *Daschbach v. Rocket Mortgage, LLC,* 2023 U.S. Dist. LEXIS 48139 at *13-14 (D.N.H. March 22, 2023) (confirming California and New Hampshire laws are "substantially the same" in enforcing clickwrap agreements); *Sellers v. Just Answer LLC,* 73 Cal. App. 5th 444, 466 (2021) (observing California federal and state "courts have reach consistent conclusions . . .generally finding. . . clickwrap agreements to be enforceable.").

[48] ECF No. 24 at ¶ 18 (BATM's records show Brunson "affirmatively clicked the checkbox accepting the most recent BATM Terms" on April 2, 2022).

[49] *Pagano v. NordicTrack, Inc.* 2024 U.S. Dist. LEXIS 170304 at *7 (D. Utah Sept. 19, 2024) (quoting *Hancock v. AT&T Co.,* 701 F.3d 1248, 1256 (10th Cir. 2012)).

BATM's digital services. As a result, Brunson entered into a valid agreement to arbitrate his claims with BATM.

### 2. Brunson's Dispute Falls Within Scope Of The Arbitration Agreement

The Federal Arbitration Act embodies a liberal policy favoring the enforcement of arbitration agreements and any questions as to whether a claim falls within the scope of the agreement should be "resolved in favor of arbitration."[50]

BATM's Terms apply "[e]ach time [a user] access[es] or use[s] the Digital Services," including to submit listings and bids.[51] Further, the Terms require arbitration of "any and all disputes between [Brunson] and [BATM] arising under or related in any way to this Agreement, . . . includ[ing], but not limited to, all claims and disputes relating to [Brunson's] use of any of the Digital Services."[52] Brunson does not challenge the application of the arbitration clause to his claim against BATM. Thus, because Plaintiff's claim arises from his use of BATM's digital services, Brunson's claim against BATM falls within the scope of the arbitration clause.

### 3. The Court Compels Arbitration And Stays Claims Against Both Defendants

Having concluded Brunson's claim against BATM falls within the scope of the arbitration agreement, the court is required to stay Plaintiff's claim against BATM pending arbitration.[53] While no such agreement governs Plaintiff's claims against Lenzi, in the interest of

---

[50] *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 294, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002).

[51] ECF No. 1-2 at 1, Exhibit A.

[52] *Id.* at 19, Exhibit A.

[53] *See Smith v. Spizzirri,* 601 U.S. 472, 476, 144 S. Ct. 1173, 218 L. Ed. 2d 494 (2024) (use of the word "shall" in the Federal Arbitration Act "creates an obligation [to stay that is] impervious to judicial discretion").

judicial economy and to avoid inconsistent results, the court also issues a stay of the proceeding as to Brunson's claims against Lenzi.

Although "piecemeal litigation results from the combination of arbitrable and nonarbitrable issues"[54] does not require a stay of the entire case, it is within the court's discretion to do so based on principles of judicial efficiency.[55] Brunson's complaint raises three claims against Lenzi (negligent misrepresentation, breach of contract, wrongful use of civil proceeding).[56] Brunson's cause of action for negligent misrepresentation is overlapping and is also brought against BATM.[57] In raising the overlapping claim for negligent misrepresentation, Brunson relies on identical facts and allegations with respect to both of the Defendants. In turn, the allegations related to negligent misrepresentation bleed into the other claims brought against Lenzi.

Given the identical allegations, staying the entire litigation pending arbitration between Brunson and BATM will promote judicial economy and avoid inconsistencies where the outcome of the arbitration could impact the claims against Lenzi as a non-arbitrating Defendant.

## **ORDER**

In conclusion, because Plaintiff's claims against BATM are subject to a binding arbitration agreement and fall within the scope of that agreement, BATM's motion to compel arbitration is GRANTED.[58] The case is STAYED as to all Defendants pending the outcome of Brunson and BATM's arbitration.

---

[54] *Riley Mfg. Co. v. Anchor Glass Container Corp.,* 157 F.3d 775, 778 (10th Cir. 1998).

[55] *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1518 (10th Cir. 1995).

[56] ECF No. 1.

[57] *Id.*

[58] ECF No. 23.

Consistent therewith, Lenzi's motions to dismiss are DENIED WITHOUT PREJUDICE pending arbitration.[59] If appropriate, once arbitration is complete Lenzi may renew his motion for dismissal.

Finally, Defendant BATM is ORDERED to file a Status Report every 120 days updating the court as to the status of the arbitration proceedings. The first report is due on <u>June 12, 2025</u>. Within 14 days of the parties' arbitration, BATM must also submit a final report stating the outcome of the arbitration and recommending any actions the court may need to take moving forward.

DATED:  March 12, 2025.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[59] ECF No. 7; ECF No. 21.